# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 17-3819

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tywin Bender

*Defendant - Appellant*

———————————————

No. 17-3820

———————————————

United States of America

*Plaintiff - Appellee*

v.

Tywin Bender

*Defendant - Appellant*

——————

Appeals from United States District Court
for the District of Minnesota - St. Paul

——————

Submitted: April 15, 2019
Filed: June 24, 2019
[Published]
_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.
_____

PER CURIAM.

In 2013, a gang war erupted in Minneapolis, resulting in an exchange of gunfire between the members of rival gangs over the course of several months. As a result, the government indicted a host of suspected gang members, including Tywin Bender, on various gun charges. Bender pleaded guilty to conspiring to possess firearms as a convicted felon. *See* 18 U.S.C. §§ 371, 922(g)(1). While awaiting sentencing, one of Bender's codefendants proceeded to a trial where the government presented testimony from two gang members—one in the same gang as Bender and one in the rival gang—that provided context for their ongoing conflict. The jury found Bender's codefendant guilty of the crimes charged against him.

The day after his codefendant's conviction, an incarcerated Bender telephoned a friend and instructed her to send an email to two fellow gang members housed in another prison where the two witnesses were housed, giving them the "green light" to "smash" the witnesses. Bender's friend did as he instructed, but prison authorities intercepted one of the two emails before it reached its intended recipient, and they later found a copy of the email in the other intended recipient's possession. The government indicted Bender with conspiring to retaliate against a federal witness, *see* 18 U.S.C. § 1513(f), and after a trial a jury found him guilty of committing the offense.

At sentencing the district court[1] applied, over Bender's objection, an eight-level enhancement to the Guidelines offense level on Bender's witness-retaliation conviction because the court determined that "the offense involved causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice." USSG § 2J1.2(b)(1)(B). The court sentenced Bender to sixty months in prison on the firearms conviction followed by a consecutive seventy months in prison on the witness-retaliation conviction.

Bender appealed, maintaining, among other things, that the district court erred in applying the eight-level enhancement to the witness-retaliation charge. A panel of this court vacated Bender's sentence on other grounds and remanded for resentencing without addressing Bender's challenge to the enhancement. *See United States v. Parker*, 871 F.3d 590, 607 (8th Cir. 2017). The issue arose again during resentencing, and the district court[2] again denied Bender's challenge to the enhancement. The district court sentenced Bender to sixty months in prison on the firearms charge and fifty-eight months in prison on the witness-retaliation charge.

Bender appeals again, asserting that the court erred in applying the eight-level enhancement to his offense level for the witness-retaliation charge. He maintains that he cannot be viewed as a but-for cause to any threats made against the witnesses because the intended recipients of his threatening missive knew, or should have known, of those witnesses' testimonies, and those intended recipients stood "ready and willing to impose a sanction" on the witnesses with or without Bender's permission or encouragement. He argues that, under *Burrage v. United States*, 571 U.S. 204

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, now retired.

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

(2014), the government had to prove "Bender's efforts were the singular cause of the threats, as opposed to incidental, tangential, [or] even contributing" causes.

In *Burrage*, a defendant was convicted of unlawfully distributing heroin that resulted in someone's death. Because a death resulted, the defendant faced a mandatory minimum twenty-year sentence. The evidence showed that the decedent combined the heroin with other substances and died, and experts opined only that the heroin contributed to the decedent's death, not that the decedent would have lived but for taking the heroin. The Supreme Court held that the defendant could not be held responsible for the decedent's death since the heroin he distributed was not a but-for cause of death. *Id.* at 218–19.

*Burrage* simply has no application here. The enhancement Bender challenges requires only that he "caus[e] or threaten[] to cause physical injury to a person, or property damage, in order to obstruct the administration of justice." *See* USSG § 2J1.2(b)(1)(B). It does not require that Bender's acts cause some type of harm, such as death, injury, or even an apprehension of retaliation; Bender triggered the enhancement the moment he sent a threat by way of his friend. The offense was complete. Because the action required to apply the enhancement occurred when Bender dispatched his friend with the threatening message, we affirm the district court's application of the eight-level enhancement under § 2J1.2(b)(1)(B).

Affirmed.

_____